w Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
other Law Division Initial Case Management Dates will be heard via Zoom
more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
urt Date: <<CmsHearingStart>>

FILED
2/21/2025 6:05 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L002558
Calendar, Z
31507348

**IN THE CIRCUIT COURT FOR COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| SHERRIE HOWELL<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC. AND HECTOR DOE<br><br>Defendants. | Jury Demanded<br>Amount in Excess of $50,000.00<br><br>Case No. |

**COMPLAINT AT LAW**

**NOW COMES** Plaintiff, SHERRIE HOWELL (hereinafter "Plaintiff"), by and through her undersigned counsel, and for her Complaint at Law against Defendants HECTOR DOE and LYFT, INC., states as follows:

1. Plaintiff, SHERRIE HOWELL, is a resident of Baltimore City, Maryland.

2. Defendant HECTOR DOE (hereinafter "Defendant Doe") is, upon information and belief, a resident of Cook County, Illinois, and at all relevant times was operating as a ride-share driver for Defendant LYFT, INC.

3. Defendant LYFT, INC. (hereinafter "Lyft") is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California. At all relevant times, Lyft was registered to conduct business in Illinois and was providing ride-sharing services to the general public throughout Cook County, Illinois. The incident giving rise to this action occurred in Cook County, Illinois. This Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in Cook County, Illinois.

**COUNT I - NEGLIGENCE**
**(Against Defendant Doe)**

DEFENDANT'S EXHIBIT
A

4. On February 27, 2023, Plaintiff was a guest at the McCormick Place Hyatt, located at 2233 S. Martin Luther King Drive, Chicago, Illinois 60616. Plaintiff's friend had arranged for transportation through the Lyft ride-sharing application for herself and several business associates to be transported to Chicago O'Harre Airport. Upon arrival at the designated pickup location, Defendant Doe, operating as a Lyft driver, approached the hotel entrance in his vehicle. As Plaintiff's associates entered the vehicle one by one, Plaintiff waited to enter last on the passenger side rear door.

5. While Plaintiff was in the process of entering the vehicle, with approximately half of her body inside the vehicle and her right leg still outside, Defendant Doe, without warning or reasonable care, suddenly and aggressively accelerated the vehicle. The sudden acceleration caused Plaintiff to be violently dragged alongside the vehicle before falling to the ground, resulting in her head striking the pavement and causing severe injuries to both of her knees, her left elbow, and her lower back.

6. At all relevant times, Defendant Doe owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle and to ensure the safety of his passengers during the boarding process. Defendant Doe breached his duty of care by failing to ensure all passengers were safely inside the vehicle before initiating movement, failing to maintain proper vigilance and awareness of boarding passengers, operating his vehicle in a careless and reckless manner, failing to maintain proper control of his vehicle, failing to follow proper safety protocols for passenger pickup and boarding, being distracted by the Lyft application and/or other electronic devices, failing to wait for confirmation that all passengers were safely seated, accelerating his vehicle at an unreasonable and dangerous rate of speed while a passenger was boarding, and failing to exercise due care for the safety of his passengers.

7. As a direct and proximate result of these negligent acts or omissions, Plaintiff has suffered and continues to suffer severe and permanent injuries,

8.As a direct and proximate result of these injuries, Plaintiff has incurred and will continue to incur substantial medical expenses, past and future, lost wages and diminished earning capacity, physical pain and suffering, mental anguish and emotional distress, loss of normal life and enjoyment of daily activities, and permanent disability and disfigurement.

**WHEREFORE**, Plaintiff SHERRIE HOWELL demands judgment against Defendants HECTOR DOE and LYFT, INC., jointly and severally, in an amount in excess of the jurisdictional limits of this Court in excess of $50,000.00, plus costs, and for such other relief as this Court deems just and proper.

**COUNT II - NEGLIGENT HIRING AND RETENTION**
**(Against Defendant Lyft)**

9. Plaintiff incorporate the foregoing paragraphs as if herein restated for reference.

10. At all relevant times, Defendant Lyft maintained a duty to exercise reasonable care in the hiring, training, supervision, and retention of its drivers, including Defendant Doe. This duty extended to ensuring the safety of passengers who utilized Lyft's services by implementing proper screening procedures, maintaining adequate training programs, and establishing comprehensive safety protocols for all drivers operating under the Lyft platform.

11. Defendant Lyft egregiously breached this duty through a pattern of negligent practices in its hiring and retention procedures. Specifically, Lyft failed to conduct thorough and adequate background checks on Defendant Doe, which should have included comprehensive criminal history searches, verification of driving records across multiple jurisdictions, and in-depth character assessments. The company's negligence extended to its failure to implement proper training protocols, particularly regarding passenger safety during pickup and boarding

procedures, which directly contributed to the incident involving Plaintiff.

12. Furthermore, Lyft's supervision and monitoring systems were grossly inadequate, as evidenced by their failure to properly track and evaluate driver performance, investigate passenger complaints, and take appropriate disciplinary action against drivers who demonstrated unsafe driving practices. The company's retention policies showed a disturbing pattern of maintaining drivers on their platform despite red flags that should have prompted further investigation or termination.

13. The company's training programs were demonstrably insufficient, lacking crucial elements such as proper passenger boarding protocols, safety procedures for urban pickup locations, and comprehensive distracted driving prevention techniques. This systematic failure in driver education and oversight directly contributed to creating an environment where incidents like the one involving Plaintiff became not just possible, but probable.

14. Lyft owed a duty of care to Plaintiff, and the public at large. The foregoing acts and or omissions demonstrate that Lyft breached that duty. As a direct result, Plaintiff has suffered injury.

**WHEREFORE**, Plaintiff SHERRIE HOWELL demands judgment against Defendants HECTOR DOE and LYFT, INC., jointly and severally, in an amount in excess of the jurisdictional limits of this Court in excess of $50,000.00, plus costs, and for such other relief as this Court deems just and proper.

**COUNT III – PRODUCTS LIABILITY**
**(Against Defendant Lyft)**

15.Plaintiff incorporate the foregoing paragraphs as if herein restated for reference.

16.Defendant Lyft, as the designer, developer, and implementer of its ride-sharing application, has created and maintained a technological system that is inherently dangerous and defective in its design and operation. The Lyft application, which drivers are required to use as a condition of their employment, creates an unreasonable risk of harm to passengers through its fundamental design flaws and operational requirements.

17.The application's design defects manifest in multiple critical ways that directly impact driver attention and passenger safety. The interface demands immediate driver interaction through a series of touch-screen commands, notifications, and real-time updates that require drivers to divert their attention from their primary task of safe vehicle operation. These interactions are particularly dangerous during crucial safety moments, such as passenger pickup and boarding, when a driver's full attention should be focused on ensuring passenger safety.

18.The application's user interface lacks adequate safety features that could prevent driver distraction during critical moments. For example, the system fails to implement automatic safety holds during passenger boarding, lacks proper passenger confirmation protocols before trip initiation, and does not incorporate adequate voice-command functionality that could reduce manual interaction requirements. The constant stream of notifications, updates, and required responses creates cognitive overload for drivers, directly compromising their ability to maintain proper attention to passenger safety.

19.Furthermore, Lyft has failed to incorporate available technology that could mitigate these dangers, such as automated passenger detection systems, boarding safety protocols, or adequate hands-free operation capabilities. The company's choice to prioritize rapid response times and operational efficiency over passenger safety represents a conscious decision that has created an unreasonably dangerous product, directly contributing to incidents like the one involving Plaintiff.

**WHEREFORE**, Plaintiff SHERRIE HOWELL demands judgment against Defendants HECTOR DOE and LYFT, INC., jointly and severally, in an amount in excess of the jurisdictional limits of this Court in excess of $50,000.00, plus costs, and for such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ David A. Kadzai

_______________________

*One of His Attorneys*

**Document prepared by:**

David A. Kadzai, Esq.
Kadzai Law Group, LLC
The Hyde Park Bank Building
1525 E. 53rd Street, Suite 832
Chicago, Illinois 60615
T: (312) 229-0050
F: (312) 229-0051
dkadzai@kadzailawgroup.com
Cook County Attorney No. 49151